THE STATE OF OHIO, APPELLEE, *v.* MOORE, APPELLANT.

(No. 83AP-271—Decided December 20, 1983.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Joyce S. Anderson,* for appellee.

---

[2] The record shows no award had been made and moreover claimant's counsel conceded this fact on the record.

*Messrs. Tyack, Delligatti & Briscoe* and *Mr. G. Gary Tyack,* for appellant.

WHITESIDE, P.J. Defendant-appellant, Michael L. Moore, appeals from his conviction in the Franklin County Court of Common Pleas of kidnapping and rape and raises three assignments of error, as follows:

"1. The trial court erred in failing to sustain the defendant's motion for a judgment of acquittal as to at least one of the two charges of rape and kidnapping. * * *"■

The victim testified that defendant engaged her in conversation at a bus stop where she was waiting for a bus. He then pulled a knife and forced her to walk down the street and then down an alley to a shed, which he forced her to enter. Once inside, he forced her to remove part of her clothing and raped her.

The first assignment of error raises the issue of whether the kidnapping was merged in the rape pursuant to R.C. 2941.25(A). Since defendant was convicted of kidnapping in violation of R.C. 2905.01(A)(4), it is an offense of similar import to rape, in violation of R.C. 2907.02(A)(1), of which defendant also was convicted. *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242]. In *Donald,* however, the Supreme Court acknowledged in footnote 3 that, even though offenses are of similar import, R.C. 2941.25(B) permits conviction of two or more similar offenses if the two offenses were either: (1) committed separately, or (2) committed with a separate animus as to each.

In *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373], the Supreme Court discussed and determined the requirements for a separate animus between a kidnapping and a related offense. *Logan* did not purport to determine under what circumstances crimes of similar import are committed separately. Clearly, the two crimes involved under the circumstances, kidnapping and rape, do not have a separate animus. "Kidnapping" is defined by R.C. 2905.01(A), as follows:

"No person, by force, threat or deception * * * shall remove another from the place where he is found or restrain him of his liberty * * *:

"'* * *

"(4) To engage in sexual activity * * * with the victim against his will; * * *."

Very clearly, such type of kidnapping could not possibly have a separate animus from the related rape, that is, the accomplishment of the purpose for which the kidnapping was committed. However, if the mere existence of the same animus would in all cases require kidnapping in violation of R.C. 2905.01(A)(4) to merge in the ensuing rape committed in fulfillment of the purpose of the kidnapping, there could be no instance in which the kidnapping would not merge in the rape. This, however, clearly is not the import of R.C. 2941.25(B) since it provides that: "Where his conduct results in two or more offenses of the same or similar kind committed separately * * * the defendant may be convicted of all * * *." Nevertheless, equally important is the express language of R.C. 2941.25(A), which states that: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import * * * the defendant may be convicted of only one."

This case, therefore, brings forth the question of what constitutes the "same conduct by defendant" under R.C. 2941.25(A), as well as when two or more offenses of the similar kind or import are "committed separately" under R.C. 2941.25(B). This issue was not presented or determined in either *Donald* or *Logan.* This issue, on the other hand, was presented and determined in *State* v. *Frazier* (1979), 58 Ohio St. 2d 253 [12

O.O.3d 263]. In that case, the court distinguished between burglary and aggravated robbery, finding that the offense of burglary was completed by the defendant's forcing his way into the house with the intent to rob the victim; whereas, the robbery thereafter ensued.

While the same cannot be said completely of the kidnapping in this case, it is true with respect to the asportation portion of the kidnapping. As indicated earlier, kidnapping under R.C. 2905.01 (A)(4) consists of one of two acts: (1) removing the person from the place where he is found for the purpose of sexual activity against his will; or (2) restraining the person of his liberty for the purpose of engaging in sexual activity against his will. The offense of removing the victim from the place where she was found, the bus stop, to the place where the rape was to take place for the purpose of committing the rape was completed when the victim was forced to enter the shed. While kidnapping still took place in the sense of restraining the victim of her liberty for the purpose of committing the rape, the initial kidnapping was already completed the same as the burglary was completed in *Frazier*.

The issue, therefore, as discussed in *Logan* in the context of animus, rather than separate commission, is whether "the movement is substantial so as to demonstrate a significant independence of the other offense." *Id.* at paragraph two of the syllabus.

In this regard, a distinction must be made as to whether the kidnapping in violation of R.C. 2905.01(A)(4) is committed by removing the victim from the place where he is found or is committed by restraining him of his liberty. The former is committed separately if the asportation is of a significant distance prior to the arrival at the place of the intended rape; whereas, the latter has relevance only if the restraint of liberty is for a significant period of time prior to the commission of the intended rape.

Here, the victim was forcibly removed from the bus stop where she was found and forced to walk approximately one block to a shed, which she was forced to enter and where the rape occurred, the asportation taking less than five minutes. We find this to be sufficient asportation to constitute separate conduct of the defendant from the actual commission of the rape itself. Here, the same conduct did not constitute the kidnapping and the rape. While the kidnapping continued in the sense that the victim was continued to be deprived of her liberty, the kidnapping by removing her from the place where she was found to the shed was completed prior to the commission of the rape. Separate conduct was involved in the two offenses sufficiently to permit separate convictions. The first assignment of error is not well-taken. * * *

* * * For the foregoing reasons * * *, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.