### State v. Skaggs
*[Cite as 4 AOA 394]*

*Case No. 89AP-528*
*Franklin County, (10th)*
*Decided June 12, 1990*

*Mr. Michael Miller, Prosecuting Attorney and Ms. Joyce S. Anderson, for Appellee.*

*Mr. James Kura, Public Defender and Mr. Paul Skendelas, for Appellant.*

REILLY, P.J.

Defendant, David Skaggs, appeals from his conviction and sentencing on charges of sexual battery, robbery and kidnapping.

The victim testified that she met defendant for the first time in a Columbus bar. She went to the bar seeking employment, and defendant sat down next to her and initiated a conversation. After several drinks, she asked defendant if there was anywhere nearby where they could play a game of pool. He suggested a bar called Stooges, and drove her there in his car. Upon arrival, defendant placed his name on the waiting list for a pool table. During the next hour or so they had more drinks, and defendant introduced the victim to several of his friends.

The victim then testified that defendant told her he had to change his plans and that he would drive her back to the bar where they met. They drove a short distance after which defendant pulled the car into a nearby park. She then testified that defendant threatened her life an engaged in forcible sexual intercourse with her. Finally, she said defendant dragged her half-clothed out of the car by her hair and drove away. She also testified that she had placed her purse, which contained about $115, on the passenger seat floor when she entered the car and that defendant left with it in his control.

The emergency room nurse who initially examined the victim testified that she observed minor abrasions on the victim's neck, breast, hip and legs, as well as dried blood on her nose.

Defendant's testimony did not entirely contradict the victim's account. He admitted meeting her and driving to Stooges. Defendant, however, testified that she was the one who wanted to pull over after they left Stooges and that she initiated sexual intercourse. He said that she became violent after they had sex and that she left the car voluntarily. Further, he admitted finding the purse on the floor of his car and testified that he threw it in a dumpster to prevent his wife from discovering his extramarital activity.

Defendant was indicted on single counts of rape, kidnapping and robbery. The jury subsequently convicted him of the lesser included offense of sexual battery, as well as kidnapping and robbery. The court imposed a determinate one and one-half year sentence for sexual battery consecutively to a five-to-fifteen year sentence for robbery. The court also imposed a six to twenty-five year sentence for kidnapping to be served concurrently with the other two.

Defendant appeals, asserting the following assignments of error:

"I. The trial court erred in permitting the prosecutor to comment on the husband-wife privilege as precluding the state from obtaining testimony from appellant's wife.

"II. The trial court erred in finding appellant guilty of the offense of robbery as there was insufficient evidence to establish that force was used with the purpose to deprive another of property.

"III. The trial court erred in imposing separate sentences following the jury's verdict finding appellant guilty of kidnapping and sexual battery.

"IV. The verdict of the trial court was not supported by sufficient credible evidence and was

against the manifest weight of the evidence. This deprived appellant of a fair trial and due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

In his first assignment of error, defendant contends that the trial court erred in permitting the following exchange to take place during the cross-examination of defendant:

"Q. Have you been informed that the State cannot call your wife as a witness against you in this case?

"A. Yes.

"Q. So you could have taken that into consideration as you have given your testimony here, isn't that correct?h

"A. No, sir." (Tr. 234)

Defense counsel promptly made objections to this line of questioning which the trial court overruled.

Defendant maintains that the questions were particularly prejudicial considering other testimony given during the state's case. The police detective investigating the case, Detective Firman, testified that the first time he interviewed defendant at police headquarters, he was accompanied by his wife. At the wife's request, the detective talked with her alone for thirty minutes after he had interviewed defendant. Detective Firman also testified that, approximately two weeks later, defendant's wife called him at police headquarters and that very shortly thereafter he filed an arrest warrant for defendant. Detective Firman did not at any time testify to the substance of his conversations with defendant's wife due to the hearsay nature of such testimony.

The final question is argumentative and objectionable for that reason alone. The trial court's refusal to sustain the objection was error because it was an improper attempt by the prosecutor to communicate by innuendo to the jury facts not in evidence.

Defendant's spouse could not contradict defendant's account of the evening in which the incident took place. Defendant, however, testified that he told her that he had consensual sexual intercourse with the victim and that she left him shortly thereafter. This is the only relevant fact in defendant's testimony which she could contradict. The implication to the jury was that defendant admitted to his wife that he raped the victim, that defendant's wife communicated this to Detective Firman, and that Detective Firman was acting directly on this information when he issued an arrest warrant for defendant.

The prosecution could not present the testimony of defendant's wife since defendant asserted his right to bar her testimony as incompetent under Evid. R. 601(B). Further, the prosecution could not have Detective Firman describe the substance of his conversations with the wife as such testimony would constitute hearsay not within any exception. Thus, prevented from presenting the testimony in any other manner, the prosecution apparently attempted to present it by innuendo. The question was presumably intended to inform the jury that the wife had told a story inconsistent with that of the husband.

The Supreme Court held in *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 119, that "* * * [t]he attempt to communicate by innuendo through the questioning of witnesses when the questioner has no evidence to support the innuendo is improper. * * *" This rule was later modified in *State* v. *Gillard* (1988), 40 Ohio St. 3d 226, paragraph two of the syllabus, wherein the court held that "[a] cross-examiner may ask a question if the examiner has a good-faith belief that a factual predicate for the question exits."

In any event, the question was improper because the prosecution apparently had no admissible evidence upon which the innuendo could be supported. While this line of questioning was improperly allowed, the error did not prejudice defendant's right to a fair trial. There was more than enough evidence apart from the implied admission to support a conviction and the question was an isolated incident rather than a repeated occurrence.

Defendant's first assignment of error is not well-taken.

In the second assignment of error, defendant contends that there was insufficient evidence to support a conviction for robbery.

R.C. 2911.02 provides, in part:

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."

In order to commit a theft offense under R.C. 2913.02, one must knowingly obtain control of property, without consent, and with purpose to deprive the owner of the property. Defendant essentially admitted committing a theft when he testified that he threw the victim's purse into a dumpster. Defendant was not, however, convicted of theft. He was convicted of robbery, which requires proof of the additional element of use or threatened use of force.

Every robbery conviction involves a consideration of the state of mind of the accused to determine whether he had a purpose to deprive at the time of or immediately before the use or threat of force. It requires a determination of whether the use of force was in furtherance of a purpose to deprive. Any other purpose is irrelevant to the guilt or innocence of the accused under the robbery statute. *State* v. *Ballard* (1984), 14 Ohio App. 3d 59; *State* v. *Turner* (Sept. 27, 1983), Franklin App. No. 83AP-226, unreported (1983 Opinions 2553).

Defendant clearly used force when he dragged his victim out of the car and thereby separated her from her property. In order to support a conviction for robbery, however, the state must prove that defendant used the force in furtherance of a purpose to deprive. Thus, the state must prove the accused's intent from the surrounding facts and circumstances. But where circumstantial evidence alone is relied upon to establish the accused's intent, the circumstantial evidence must be consistent only with a theory of guilt and irreconcilable with any reasonable theory of innocence. *State* v. *Kuling* (1974), 37 Ohio St. 2d 157.

There is evidence that defendant saw the victim bring her purse into the car, so it is possible to infer that defendant dragged the victim out of the car in order to steal her purse. It is equally or more plausible, however, to believe that defendant dragged the victim out of the car in order to complete the act of rape and escape the scene of the crime. Since no evidence was presented which is inconsistent with either inference, both are equally reasonable. C.f. *State* v. *Flowers* (1984), 16 Ohio App. 3d 313.

It is the responsibility of a reviewing court to insure that criminal convictions are supported by sufficient evidence going to all the essential elements of the crime. In this case, it was the state's burden to prove that defendant used force with the purpose to deprive. The state's evidence supports two equally reasonable inferences of defendant's intent. In a criminal case where the "* * * evidence is as consistent with a theory of innocence as with a theory of guilt, the doubt must be resolved in favor of the theory of innocence. * * *" *Kulig, Supra,* at 160.

Defendant's second assignment of error is well-taken.

In the third assignment of error, defendant contends that the convictions of kidnapping and sexual battery should be merged pursuant to R.C. 2941.25, which provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The Supreme Court has observed that this statute is an apparent attempt by the General Assembly to codify the judicial doctrine of merger. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254. "*** The statute prohibits cumulative punishment of a defendant for the same critical act where his conduct can be construed to constitute two statutory offenses, when, in substance and effects, only one offense has been committed. * * *" *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, 172-173. The statute necessarily involves a two-step determination. First, the court must determine if the crimes charged are allied offenses of similar import under R.C. 2941.25(A). If this question is answered in the affirmative, then the defendant may only be convicted of both crimes if they were committed separately or with a separate animus as to each one.

In the first step, "* * * the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and court must then proceed to the second step. * * *" *State* v. *Blankenship* (1988), 38 Ohio St. 3d 116, 117. In examining the elements of the offenses, the court must determine whether both offenses can be committed by the same conduct. The focus of this first step is consequently on the offenses and their elements rather than defendant's actual conduct. *Blankenship, supra.*

Defendant was convicted of kidnapping under R.C. 2905.10(A)(4), which may be committed by: using force, threat or deception; to restrain the victim's liberty; for the purpose of engaging in sexual activity with the victim against his will. Defendant was also convicted of sexual battery under R.C. 2907.03(A)(1). Sexual battery under this section is committed when the offender, knowingly coerces another to submit to sexual conduct.

The offense of sexual battery will often result in the commission of kidnapping as well. The coercion element in sexual battery may be accom-

plished by the use or threat of force. *State* v. *Tolliver* (1976), 49 Ohio App. 2d 258. Such force may also constitute an element of kidnapping. Coercing another to submit also implicitly involves restraining the victim's liberty which is also an element of kidnapping. Finally, sexual activity or conduct is an element of both offenses. The similarity between the two offenses is also demonstrated by the fact that sexual battery is a lesser included offense of rape which itself is considered an allied offense of kidnapping. *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382. *State* v. *Donald* (1979), 57 Ohio St. 2d 73. Thus, sexual battery, as defined by R.C. 2907.03(A)(1), and kidnapping, under R.C. 2905.01(A)(4), are allied offenses of similar import.

In the second step, "* * * defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. * * *" (Emphasis original.) *Blankenship, supra*, at 117. If this is not the case, however, R.C. 2914.25 requires that one conviction be set aside. *State* v. *Price* (1979), 60 Ohio St. 2d 136.

The offenses herein, by their nature and definition, are committed for the same purpose. *Donald, supra*. Every rape includes some restraint of the victim's liberty and therefore constitutes kidnapping. In many cases, the defendant also engages in some other conduct which also involves restraining or moving the victim. It is the court's function in such cases to distinguish the restraint and movement implicit in every rape case from conduct involving restraint or movement which is committed separately or with a separate animus.

The Supreme Court adopted the following guidelines in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, syllabus:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

"(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

R.C. 2941.25(B) provides that a defendant may be convicted of two allied offenses of similar import where each offense was committed with a separate animus. The word "animus" as used in this context is defined as purpose, intent or motive. *Newark* v. *Vazirani* (1990), 48 Ohio St. 3d 81, 84. The facts of this case indicate that defendant had but a single purpose or motive for each crime, or motive in taking the victim across the street and into the park. This must be the case, for defendant can be convicted of the kidnapping charge set forth in the indictment only if he removed the victim from the place where she was found for the specific purpose of engaging in sexual activity. R.C. 2905.01(A).

While the *Logan* syllabus speaks specifically to the question of animus, there are two exceptions to the rule prohibiting multiple convictions for allied offenses of similar import. *Vazirani, supra*, at 82. R.C. 2941.25(B) permits multiple convictions for allied offenses of similar import where defendant's "* * * conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each * * *." While the *Logan* court resolved the issue exclusively in terms of animus, the court in *State* v. *Frazier* (1979), 58 Ohio St. 2d 253, addressed the question of separate conduct. Thus, R.C. 2941.25 may actually be considered a three-part test.

"* * * The three tests are: (1) whether the offenses are allied offenses of similar import, (2) whether they were committed by the same conduct, and (3) whether they were committed with the same animus." *Blankenship, supra*, at 118.

The *Logan* guidelines are equally applicable to the question of separate animus as well as separate conduct. *State* v. *Moore* (1983), 13 Ohio App. 3d 226. Where a defendant has been charged with multiple offenses, including kidnapping, the *Logan* test seeks to separate conduct constituting kidnapping, which is implicit within the offense of rape, from conduct which is separate and independent. Restraint, confinement and movement may be implicit in every rape, but "* * * where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, * * *" the conduct constituting kidnapping is committed separately from the rape. *Logan, supra*, syllabus.

As the facts of this case indicate neither prolonged restraint nor secretive confinement, this court must focus on whether the movement in-

volved was substantial. The courts have recognized that some movement is inherent in most every case of rape. Hence, movement among several rooms in a house does not constitute separate conduct. *Donald, supra; State* v. *Key* (June 19, 1986) No. 85AP-969, unreported (1986 Opinions 1546). Conversely, where the victim is taken from Bowling Green to Toledo and back over a two and one-half hour period, such conduct is separate from and not incidental to the intervening rape offense. *State* v. *Henry* (1987), 37 Ohio App. 3d 3.

In *Logan,* the Supreme Court held that the offenses of rape and kidnapping merged where the rapist forced the victim at knifepoint into and down an alley before committing the rape. This court in *Moore, supra,* however, found separate conduct constituting two independent offenses in a case involving similar facts but a slightly farther distance. The resolution of this issue must necessarily turn on the facts and circumstances of each case. Where distance alone is not dispositive, the court must determine whether the conduct involved in the movement including, but not limited to, distance alone demonstrates a significance independent of the other offense.

Each of the foregoing cases involved movement by force, but the offense of kidnapping also includes movement by deception. The Supreme Court and this court have considered cases involving a kidnapping by deception followed by a rape. *State* v. *Ware* (1980), 63 Ohio St. 2d 84; *State* v. *Higgins* (July 11, 1985), Franklin App. No. 84AP-703, unreported (1985 Opinions 2039); *State* v. *Smith* (May 12, 1988), Franklin App. No. 87AP-300, unreported (1988 Opinions 1716). Each of these cases, however, involves substantially farther movement, both in terms of time and distance, than this case. The victim testified that defendant told her he would take her back to the bar where they met. Defendant took her instead into the park across the street from Stooges. The victim also testified that, upon returning to the scene of the crime, she could see Stooges across the park.

The distance involved in this case is not determinative, but this does not determine the issue. The details of defendant's conduct may indicate that the conduct was committed separately so that it demonstrates a significance independent of sexual battery. Where force is used to accomplish both the movement, as well as the rape, and the distance involved is not particularly significant, it is difficult to distinguish conduct constituting movement by force from conduct constituting forceable rape. This was the case in both *Logan*

and *Key.* It was impossible to distinguish the movement from the rape as both were accomplished by force over a short span of time and distance.

In this case, the conduct is more easily separated. Defendant accomplished the movement by deception, but the sexual battery was accomplished by force. Even though the distance involved was short, the conduct is clearly separable in terms of both time and distance. The kidnapping was complete when defendant stopped the car in the park with the ultimate objective of raping the victim, but defendant had not yet begun the act of rape which was accomplished by force.

Moreover, the conduct representing the kidnapping and the rape have independent significance. While defendant must have but a single animus or purpose in order to be convicted of the kidnapping charge alleged, the word "animus" may be given a more narrow meaning. *Key, supra,* at 1553. In this sense, "animus" means immediate purpose. For example, even though defendant's ultimate purpose remains the same, conduct involving restraint may have different immediate purposes. Restraint during the crime of rape demonstrates an immediate purpose identical to the ultimate purpose of rape. On the other hand, prolonged restraint for the purpose of retaining the victim so that further crimes may be committed demonstrates an immediate purpose which is neither incidental to nor included in the crime of rape. Thus, "animus" and conduct are interrelated as the conduct must first be separated before an independent immediate motive can be found.

In this case, the conduct may be separated and the separate conduct further demonstrates an immediate motive separate and independent from the crime of rape. Defendant did not simply attack a target of opportunity. He purposefully selected his victim and maneuvered her to a place of his choosing. This conduct is neither part of the rape itself nor is it incidental to rape. It is separate conduct with a separate immediate purpose; to commit an intended rape in a place of his choosing. Consequently, this conduct is a separate crime for which defendant may be convicted along with rape. As defendant's conduct constituting kidnapping is separable from the crime of rape and further demonstrates a separate immediate motive or purpose, R.C. 2941.25(B) allows a conviction for each offense.

Defendant's third assignment of error is not well-taken.

In the fourth assignment of error, defendant asserts that his conviction was against the mani-

fest weight of the evidence. A reviewing court may not reverse a judgment of conviction in a criminal case where the guilty verdict was returned by the trier of fact on sufficient evidence and no prejudicial error occurred in the trial. *State* v. *DeHass* (1967), 10 Ohio St. 3d 230. The test for sufficiency of evidence in a criminal appeal is whether reasonable minds can reach different conclusions on the issue of whether defendant is guilty beyond a reasonable doubt. *State* v. *Black* (1978), 54 Ohio St. 2d 304. It is fundamental that the weight to be given to the evidence and the credibility of witnesses is the responsibility of the trier of fact. Thus, in reviewing the sufficiency of the evidence to support a jury verdict, it is the minds of the jurors rather than the court which must be convinced. *State* v. *Petro* (1947), 148 Ohio St. 473. This court may not reverse a judgment when reasonable minds could reach different conclusions upon the evidence presented at trial. *State* v. *Antill* (1964), 176 Ohio St. 61.

Defendant presents a number of inconsistencies in the victim's story which could lead a jury to disbelieve some or all of her account. Most of these inconsistencies, however, involve her credibility and not the essential elements of the crimes charged. The weight to be given the testimony of the witnesses is within the sole province of the jury. In returning a verdict of guilty, the jury chose to believe the victim's account of the evening in which the incident took place. Sufficient evidence was presented which, if believed, would support convictions on the charges of sexual battery and kidnapping. Concerning the robbery conviction, this assignment of error is well-taken, as indicated above.

For the foregoing reasons, defendant's first and third assignments of error are overruled and the second is sustained. The fourth assignment of error is overruled in part and sustained in part. The judgment of the trial court is affirmed in part and reversed in part. The cause is remanded for further proceedings consistent with this opinion and in accordance with law.

> *Judgment affirmed in part,*
> *reversed in part, and*
> *cause remanded.*

BOWMAN and MAHONEY, JJ., concur.

MAHONEY, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.