OPINION
Defendant-appellant, Jermaine Trammell, appeals his conviction in the Butler County Court of Common Pleas for rape and kidnapping. The convictions are affirmed.
On the evening of February 2, 2000, appellant was at Skimpy's Show Club, in Middletown, Ohio. When the club closed at 1:00 AM, A.J., a dancer at the club, asked appellant for a ride to her home in Trenton, Ohio, as she did not have her own car. She recognized appellant as a pizza delivery man and knew him by his first name. Appellant agreed to give her a ride in exchange for gas money.
The two went to appellant's car and got in. As they drove away from the club, appellant tried to unbutton A.J.'s jeans and put his hands down her pants. A.J. resisted, and told appellant that she just wanted a ride home. Appellant drove his car into the City Centre Mall parking garage, all the while continuing his efforts to put his hands down her pants. As A.J. continued to protest, appellant drove out of the parking garage. A.J. opened the car door and tried to jump out. However, appellant grabbed her by her neck and pulled her back into the car. He told her that if she didn't shut the door, he would "snap her neck" and put her "down in the river." A.J. complied with his demands and closed the car door.
Appellant drove for another four or five minutes before stopping the car in an alley off of Pine Street. He instructed A.J. to get in the back seat of the car and to remove her jeans. He pulled down her underwear, and proceeded to vaginally rape her. Afterwards, appellant made A.J. swear not to tell anyone, and dropped her off in a parking lot outside of Trenton.
A.J. was running toward her home when she was spotted by Trenton Police Officer Danny Green. Officer Green testified that A.J. was upset and crying as he gave her a ride home. Once at her residence, A.J. told her friend Jennifer Lilly, with whom she was living, what had occurred. Lilly testified at trial that A.J. was very upset. A.J. was taken to the hospital where she was examined by a sexual assault nurse examiner ("S.A.N.E."). The S.A.N.E. observed indications of nonconsensual sexual intercourse, including genital trauma, and a tampon that had been forced well into A.J.'s vagina, requiring removal with forceps.
Another Skimpy's employee provided appellant's full name to the police, and A.J. identified appellant as her attacker from a driver's license photo. Detectives located appellant, and he voluntarily talked with them about the incident. Although appellant admitted that he had had sexual intercourse with A.J., he maintained that the encounter was consensual. Appellant was indicted for one count of rape, two counts of attempted rape, and one count of kidnapping. After a jury trial, appellant was found guilty of rape and kidnapping, and not guilty of the two attempted rape charges. Appellant was sentenced accordingly. He appeals, raising two assignments of error.
 Assignment of Error No. 1: THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO BOTH THE RAPE AND KIDNAPPING CONVICTIONS. [SIC]
In his first assignment of error, appellant contends that rape and kidnapping are allied offenses of similar import that should have been merged into a single conviction under R.C. 2941.25, Ohio's multiple count statute. R.C. 2941.25 provides as follows:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Baker (2000), 137 Ohio App.3d 628, this court discussed and followed the application of R.C. 2941.25 as explained by the Ohio Supreme Court in State v. Rance (1999), 85 Ohio St.3d 632. Baker at 655-656. In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), "[c]ourts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" Rance at 638, quoting State v. Jones
(1997), 78 Ohio St.3d 12, 14. Pursuant to R.C. 2941.25(B), "if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639.
In the present case, appellant was convicted of rape in violation of R.C. 2907.02 and kidnapping in violation of R.C. 2905.01(A)(4). R.C.2905.01(A) provides in pertinent part:
 No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
* * *
 (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will[.]
R.C. 2907.02(A)(2) provides that:
 No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
A comparison of the statutory elements of the two offenses, in the abstract, indicates that kidnapping and rape are allied offenses of similar import. State v. Donald (1979), 57 Ohio St.2d 73, at syllabus. A comparison of the elements of rape and kidnapping reveals "such a singularity of purpose and conduct that kidnapping may be said to be implicit within every forcible rape." State v. Mitchell (1983),6 Ohio St.3d 416, 418, citing State v. Price (1979), 60 Ohio St.2d 136.
However, we must also review appellant's conduct to determine whether the rape and kidnapping were committed separately, or with separate animus. Rance, 85 Ohio St.3d at 638. "Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions" for both kidnapping and the underlying offense. State v. Logan (1979),60 Ohio St.2d 126, syllabus. However, if the restraint is prolonged, or the movement substantial, there exists a separate animus sufficient to support separate convictions. Id. There also exists a separate animus as to each offense when the "asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime[.]" Id. at syllabus.
In the present case, appellant's conduct demonstrates that the offenses of rape and kidnapping were committed separately, and with separate animus as to each. The acts constituting kidnapping include driving A.J. not to her home, but first to the City Centre Mall parking garage, restraining her in the vehicle by force and threat of force, grabbing her by the neck, threatening to harm her, and then driving her to an alley where the rape occurred. These acts are independent of and more than merely incidental to the restraint involved in the rape, i.e., putting the victim in the back seat of the car and restraining her while the rape occurred. See State v. Depina (1984), 21 Ohio App.3d 91, 92-93; State v.Moore (1983), 13 Ohio App.3d 226, 228; State v. Martin (May 4, 1998), Warren App. No. CA97-07-072, unreported. Confinement of A.J. in the parking garage and the alley constitute a separate animus for kidnapping, apart from the rape. See Logan 60 Ohio St.2d at 134-135.
Because the offenses of rape and kidnapping were committed separately and with separate animus, appellant's convictions for both rape and kidnapping do not violate R.C. 2941.25. The first assignment of error is overruled.
 Assignment of Error No. 2: THE CONVICTION IS [SIC] CONTRARY TO LAW AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Smith (1997), 80 Ohio St.3d 89, 113, quoting State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith, 80 Ohio St.3d at 113.
A.J. testified that appellant, without her consent, attempted to put his hands down her pants as they were driving. He drove her first to the City Centre Mall parking garage, and then to an alley where he proceeded to rape her. When A.J. tried to escape from the car, appellant grabbed her by her neck and pulled her back into the car. He threatened A.J. with physical harm in order to intimidate her into remaining in the car. The physical exam of A.J. conducted that night indicated that A.J. had nonconsensual intercourse.
Viewing this ample evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could find the essential elements of both rape and kidnapping were proved beyond a reasonable doubt. The convictions are not against the sufficiency of the evidence.
Appellant also contends that the decision of the trial court was against the manifest weight of the evidence. A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. The standard of review based upon the manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony. Thompkins at 389. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
We find that appellant's rape and kidnapping convictions are supported by the weight of the evidence. Although appellant testified that the sexual encounter was consensual, the jury, which was in the best position to judge the credibility of witnesses and the weight to be given the evidence, chose to disbelieve this testimony. Reviewing the record and weighing the evidence and the reasonable inferences, we cannot find that the jury clearly lost its way, creating such a manifest miscarriage of justice that the convictions must be reversed. The second assignment of error is overruled.
Judgment affirmed.
 _________ WALSH, J.
YOUNG, P.J., and VALEN, J., concur.