JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, George Evans ("Evans"), appeals his convictions and sentence. Finding some merit to the appeal, we affirm in part, reverse in part, and remand the case for resentencing.
 {¶ 2} In 2004, Evans was charged with rape and kidnapping, each charge containing a notice of prior conviction, one-year and three-year firearm specifications, a repeat violent offender specification, and a sexually violent predator specification. The matter was tried to the bench where the following evidence was presented.
 {¶ 3} In February 2004, the female victim was walking to a bus stop on her way to an appointment at YO! Cleveland ("YO!") when Evans approached her. He grabbed her purse and told her, "Come with me." Evans then led her into an apartment building which was about five or ten feet away. He unlocked the door to his sister's apartment, went inside, and pushed the victim onto the couch.
 {¶ 4} After speaking briefly with his sister, Evans returned to the couch and forcefully kissed the victim, while placing his arm on her neck. When the victim refused to perform oral sex, Evans undid her belt and jeans. He then digitally raped the victim, stopping when the victim began crying and told him he was hurting her. Evans told her he would take her to her appointment and then bring her back to the apartment. When he went to speak with his sister, the victim took a piece of mail from the coffee table to give to police.
 {¶ 5} The victim then got into the back seat of Evans' car, and Evans proceeded to pick up a friend. After dropping the friend off at her apartment, Evans drove the victim to her appointment at YO! and waited in the parking lot. Once inside the building, the victim wrote down the license plate number and other details which would identify Evans. She met with her career coach, David Days ("Days"), and eventually told him what had just happened to her.
 {¶ 6} Anthony Jackson ("Jackson"), the building's security guard, testified that when the victim entered the building, she appeared distraught and wiped away tears.
 {¶ 7} Evans testified that the sexual contact between him and the victim was consensual and was initiated by her.
 {¶ 8} The trial court found Evans guilty of rape and kidnapping, along with all specifications, except for the three-year firearm specification. He was sentenced to one year in prison on the firearm specification and three years on the repeat violent offender specification, and these terms were to be served prior to and consecutive to the concurrent ten-year sentences imposed for rape and kidnapping, for a total of fourteen years to life due to the sexually violent predator specification.
 {¶ 9} Evans appeals, raising six assignments of error.
 Kidnapping {¶ 10} In his first assignment of error, Evans argues that the kidnapping conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. He claims that kidnapping and rape are allied offenses of similar import and, thus, he could not be convicted of both.
 {¶ 11} A defendant must move for acquittal pursuant to Crim.R. 29 at the close of the state's case and also at the close of the defendant's case in order to preserve the right to appeal any sufficiency of the evidence argument on appeal. State v.Adams, Lake App. No. 2003-L-110, 2005-Ohio-1107. See, also,State v. Turner (1993), 91 Ohio App.3d 153, 157,631 N.E.2d 1117. Failure to move for a judgment of acquittal waives all but plain error regarding the sufficiency of the evidence. State v.Ellsworth, Cuyahoga App. No. 83040, 2004-Ohio-4092; State v.Reid, Cuyahoga App. No. 83206, 2004-Ohio-2018. However, inDayton v. Rogers (1979), 60 Ohio St.2d 162, 163,398 N.E.2d 781, overruled on other grounds by State v. Lazzaro,76 Ohio St. 3d 261, 1996-Ohio-397, 667 N.E.2d 384, the court held that in a non-jury trial, the defendant's plea of not guilty serves as a Crim.R. 29 motion and obviates the necessity of renewing the motion at the close of all the evidence.
 {¶ 12} Nevertheless, Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The standard for noticing plain error is set forth in State v.Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240:
"By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings. * * * Third, the error must have affected `substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." (Citations omitted.)
 {¶ 13} Errors that satisfy these three limitations may be corrected by the appellate court. However, notice of plain error should be done "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, 97,372 N.E.2d 804.
 {¶ 14} Evans was charged with kidnapping under R.C.2905.01(A)(4), which provides that no person, by force, threat, or deception, shall remove another from the place where the other person is found or restrain the liberty of the other person to engage in sexual activity with the victim against the victim's will.
 {¶ 15} R.C. 2941.25(A) provides where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment may contain counts for all such offenses, but the defendant may only be convicted of one.
 {¶ 16} In State v. Donald (1979), 57 Ohio St.2d 73,386 N.E.2d 1341, the Ohio Supreme Court held that kidnapping is an "offense of similar import" to rape for purposes of R.C.2941.25(A).
 {¶ 17} The test for determining whether kidnapping and rape were committed with a separate animus is "whether the restraint or movement of the victim is merely incidental to a separate underlying crime, or instead, whether it has a significance independent of the other offense." State v. Logan (1979),60 Ohio St.2d 126, 135, 397 N.E.2d 1345. Moreover, "where the asportation or restraint of the victim subjects the victim to substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions." Id. at subparagraph (b) of the syllabus. Prolonged restraint, secretive confinement, or substantial movement of the victim are factors that establish a separate animus for kidnapping. Id. at subparagraph (a) of the syllabus.
 {¶ 18} In Logan, the victim was accosted, forced down an alley, around a corner, and down a flight of stairs before the perpetrator raped her at knifepoint. Immediately following the rape, the victim was released. The court, in reversing the conviction for kidnapping, found that the perpetrator's detention and asportation of the victim was incidental to the crime of rape, thus demonstrating a single animus. Id. at 136.
 {¶ 19} However, in State v. Lynch, 98 Ohio St.3d 514,2003-Ohio-2284, 787 N.E.2d 1185, the victim was lured into the perpetrator's apartment and then moved to his bedroom, where the victim ate popcorn and watched movies before being raped. The court, in upholding the conviction for rape, found that the movement was substantial, that the confinement was secretive because it took place inside the apartment, and that the restraint was prolonged. Id. at 536.
 {¶ 20} In State v. Moore (1983), 13 Ohio App.3d 226,468 N.E.2d 920, the victim was taken from a bus stop and forced to walk one block to a shed, where she was raped. The Moore court held that the five-minute walk was sufficient asportation to constitute separate conduct of the perpetrator, apart from the actual commission of the rape. Id. at 228. "While the kidnapping continued in the sense that the victim was continued to be deprived of her liberty, the kidnapping by removing her from the place where she was found to the shed was completed prior to the commission of the rape." Id.
 {¶ 21} In the instant case, the evidence shows that when Evans approached the victim, he grabbed her purse and told her, "[C]ome with me." He led her into his sister's apartment, which was five or ten feet away, and pushed the victim onto the couch. After speaking with his sister, Evans forcefully kissed the victim, restrained her neck, and raped her. The victim testified that the rape continued for ten to fifteen minutes, and ended when she began to cry and told Evans that he was hurting her.
 {¶ 22} We find that the restraint and movement of the victim from the sidewalk and the confinement inside the apartment were independent and not merely incidental to the restraint involved in the rape. The confinement was secretive because it was an enclosed area and the restraint used to facilitate the kidnapping was separate from that used to facilitate the rape. Under these circumstances, we find that Evans had a separate animus to commit kidnapping.
 {¶ 23} Therefore, we find that the trial court did not err in convicting Evans of both rape and kidnapping because they are not allied offenses of similar import under the instant facts. Evans possessed a separate animus to kidnap and rape the victim when he took her from the sidewalk and into the apartment. Sufficient evidence existed to support Evans' conviction for both rape and kidnapping.
 {¶ 24} We also find that the kidnapping conviction was not against the manifest weight of the evidence.
 {¶ 25} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387.
 {¶ 26} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Additionally, circumstantial evidence and direct evidence inherently possess the same probative value and, thus should be subjected to the same standard. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 27} The evidence shows that Evans approached the victim, grabbed her purse, and told her, "[C]ome with me." He then led her inside an apartment where he eventually raped her. Evans testified that the victim voluntarily accompanied him inside the apartment, however, credibility rests primarily with the trier of fact.
 {¶ 28} Based on the testimony and evidence, we cannot say that the trial court lost its way in convicting Evans of kidnapping.
 {¶ 29} Accordingly, the first assignment of error is overruled.
 Rape {¶ 30} In his second assignment of error, Evans argues that his rape conviction was against the manifest weight of the evidence.
 {¶ 31} Rape, as defined in R.C. 2907.02(A)(2), provides that "[N]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." "Sexual conduct" means, in pertinent part, "* * * without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal * * * cavity of another." R.C. 2907.01(A).
 {¶ 32} Reviewing the evidence presented at trial, we do not find that the trial court lost its way when it found Evans guilty of rape.
 {¶ 33} The victim testified that Evans, a stranger, approached her, grabbed her purse, and ordered her to come with him. She stated that he pulled her towards a nearby apartment building. Once inside the apartment, Evans pushed her down on the couch, forcefully kissed her, and positioned himself on top of her, placing his arm across her neck. When she refused to perform oral sex, he became angry and ripped the buttonhole on her jeans, while attempting to remove them. Evans then forced his hand inside her jeans and digitally raped her.
 {¶ 34} Although the victim's medical records do not indicate any physical trauma, they mention that the victim was experiencing discomfort. Furthermore, the torn jeans the victim wore that day corroborated her testimony.
 {¶ 35} The building security guard testified that the victim was not acting like "her normal talkative self" when he saw her that day. The victim's career coach testified that he suspected something was "wrong" with the victim. After repeated questioning, the victim eventually confided in him about the incident.
 {¶ 36} Evans testified that the contact between him and the victim was consensual. He contends that the rape conviction was against the manifest weight of the evidence because there was no evidence of physical harm. However, physical harm is not a necessary element of rape and we are mindful that witness credibility rests primarily with the trier of fact.
 {¶ 37} Reviewing the testimony and evidence, we find that Evans' rape conviction was not against the manifest weight of the evidence.
 {¶ 38} Accordingly, the second assignment of error is overruled.
 Sentence {¶ 39} In his third assignment of error, Evans argues that his sentence was contrary to law and that the trial court failed to make the requisite findings in imposing the sentence.
 {¶ 40} This court reviews a felony sentence de novo. R.C.2953.08. A sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); State v. Hollander (2001),144 Ohio App.3d 565, 760 N.E.2d 929; State v. Rigo (June 21, 2001), Cuyahoga App. No. 78761. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 41} Although not specifically argued, we find that the sentence imposed for the repeat violent offender specification is contrary to law because the trial court failed to make the required findings to support the repeat violent offender sentence.
 {¶ 42} R.C. 2929.14(D)(2)(b) provides:
"(b) If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the offense under division (A) of this section, the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply with respect to the prison terms imposed on the offender pursuant to division (D)(2)(a) of this section and, if applicable, divisions (D)(1) and (3) of this section:
"(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
"(ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense."
 {¶ 43} In the instant case, the trial court sentenced Evans to ten years for rape, which was the longest prison term authorized under R.C. 2929.14(A)(1). Therefore, pursuant to R.C.2929.14(D)(2)(b), the trial court was required to make certain findings to support the additional prison term for the repeat violent offender specification. The trial court failed to make any of the statutory findings in imposing an additional three-year sentence for the specification. Therefore, we vacate Evans' entire sentence and remand the case for resentencing. Vacating his sentence on this basis renders moot the remaining alleged sentencing errors.
 {¶ 44} Accordingly, the third assignment of error is sustained.
 Firearm Specification {¶ 45} In his fourth assignment of error, Evans argues that the trial court unlawfully imposed a one-year mandatory sentence for a firearm specification because the record contained no evidence of a firearm. We agree.
 {¶ 46} Evans failed to make a Crim.R. 29 motion for acquittal regarding the firearm specification. As previously stated, failure to make or renew a Crim.R. 29 motion for acquittal waives any argument, except plain error, regarding sufficiency of the evidence. Adams, supra; Ellsworth, supra.
 {¶ 47} The one-year mandatory firearm specification is described in R.C. 2941.141, which states in pertinent part: "* * * the offender had a firearm on or about the offender's person or under the offender's control while committing the offense."
 {¶ 48} The definition of a firearm is found in R.C.2923.11(B):
"(1) `Firearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.
"(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."
 {¶ 49} To be convicted of a firearm specification, the state must prove that the firearm existed and that it was operable at the time of the offense. State v. Murphy (1990),49 Ohio St.3d 206, 208, 551 N.E.2d 932. "However, such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime." Id. at syllabus.
 {¶ 50} Determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which includes any implicit threat made by the individual in control of the firearm. Thompkins, supra at 385. The specification can be proven beyond a reasonable doubt by circumstantial evidence. Id.
 {¶ 51} Moreover, a weapon's existence and operability may also be inferred from the defendant's conduct which makes it clear that he has a hidden weapon and that he would use it if the victim failed to comply with his instructions. State v. Knight,
Greene App. No. 2003 CA14, 2004-Ohio-1941. In Knight, the defendant demanded that a store clerk open the cash register. The defendant neither displayed, brandished, used, nor threatened the clerk with a gun. The clerk, however, complied because she thought the defendant's right hand "looked like he had a small gun in his pocket." Id. at ¶ 29. The court found this was enough circumstantial evidence to support the firearm specification.
 {¶ 52} In State v. Watkins, Cuyahoga App. No. 84288,2004-Ohio-6908, this court, relying on Knight, recently held that a defendant's actions and statements may create enough circumstantial evidence to support a firearm conviction even though the victim only believes the defendant has a gun. InWatkins, the defendant approached the victim and stuck an object in his side and said "what it is." From these actions, the victim believed the defendant had a gun and put his hands in the air.
 {¶ 53} We find the instant case distinguishable fromWatkins and Knight. Here, the victim testified that Evans approached her with his hand in his pocket and she believed he had a gun. With his hand still in his pocket, he grabbed her purse and said, "[C]ome with me." Based upon her belief that he had a gun, she followed him into the apartment building.
 {¶ 54} The record is devoid, however, of any testimony or evidence that Evans threatened the victim with a gun, that the victim felt an object or saw a shape which could be construed as a gun, that Evans had a gun in his possession, or that a gun was used in the commission of the crime. The victim testified that she never saw a gun, however, she believed he had a gun in his coat pocket because he kept his hand in his pocket. This belief, without more, does not create enough circumstantial evidence to support Evans' conviction. The State did not satisfy its burden that a gun was in existence or operable at the time of the offense. Therefore, we find that the trial court committed plain error in convicting Evans of the one-year firearm specification.
 {¶ 55} Accordingly, the fourth assignment of error is sustained, requiring a remand for resentencing and to vacate the firearm specification.
 Repeat Violent Offender Specification {¶ 56} Evans argues in his fifth assignment of error that the trial court's imposition of a repeat violent offender specification is unlawful because there was neither evidence of serious physical harm nor evidence of an attempt to cause serious physical harm.
 {¶ 57} Evans failed to make a Crim.R. 29 motion for acquittal regarding the repeat violent offender specification. As previously stated, failure to make or renew a Crim.R. 29 motion for acquittal waives any argument, except plain error, regarding sufficiency of the evidence. Adams, supra; Ellsworth, supra.
 {¶ 58} Pursuant to R.C. 2929.01(DD), "repeat violent offender" means a person about whom both of the following apply:
"(1) The person has been convicted of or has pleaded guilty to, and is being sentenced for committing, for complicity in committing, or for an attempt to commit, * * * a felony of the first degree other than one set forth in Chapter 2925. of the Revised Code * * *.
"(2) Either of the following applies:
"(a) The person previously was convicted of or pleaded guilty to, and previously served or, at the time of the offense was serving, a prison term for, any of the following:
"(i) * * * rape, * * *."
 {¶ 59} Evans satisfies the first criteria because he was convicted of rape, a felony in the first degree pursuant to R.C.2907.02. He also meets the second criteria based on his prior conviction for rape. Evans is incorrect that "serious physical harm" must be proven to support a repeat violent offender specification finding. Proof of "serious physical harm" is only necessary when a person has been convicted of "a felony in the first degree set forth in Chapter 2925. of the Revised Code" or "a felony of the second degree."
 {¶ 60} Therefore, Evans' current and previous rape convictions were sufficient to satisfy the elements of R.C.2929.01(DD) and to support the court's finding that he is a repeat violent offender.
 {¶ 61} Accordingly, the fifth assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 62} In his final assignment of error, Evans argues that he was deprived of his constitutional right to the effective assistance of counsel.
 {¶ 63} To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard or reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal, 87 Ohio St.3d 378, 388-389,2000-Ohio-448, 721 N.E.2d 52, citing Strickland v. Washington
(1984), 466 U.S. 668, 687-688, 104 S. Ct. 2052.
 {¶ 64} In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." Statev. Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." Statev. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, vacated on other grounds (1978), 438 U.S. 910, 57 L. Ed. 2d 1154,98 S. Ct. 3135; State v. Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102,714 N.E.2d 905.
 {¶ 65} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus;Strickland, supra, at 686.
 {¶ 66} In a bench trial, the trial judge acts as the trier-of-fact, and a reviewing court will presume that the trial court acted impartially and considered only properly admitted evidence. Columbus v. Guthmann (1963), 175 Ohio St. 282,194 N.E.2d 143, paragraph three of the syllabus; see, also, State v.Post (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754, quotingState v. White (1968), 15 Ohio St.2d 146, 151, 239 N.E.2d 65.
 {¶ 67} In the instant case, Evans claims that his trial counsel was ineffective for several reasons, including failing to move for acquittal pursuant to Crim.R. 29, waiving Evans' right to a jury trial, waiving a R.C. 2907.02(E) prior conviction hearing, failing to impeach the victim's prior inconsistent statements, and failing to subpoena a potential exculpatory witness.
 {¶ 68} Evans first argues that his trial counsel was deficient for failing to move for acquittal pursuant to Crim.R. 29. The record demonstrates that trial counsel moved for acquittal as to the kidnapping charge only after the State's presentation of its case. Trial counsel failed to raise any motion regarding the rape charge and specifications, and failed to renew the motion at the close of all the evidence. This failure, however, does not constitute ineffective assistance of counsel.
 {¶ 69} Failure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel, where the evidence in the state's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense have been proved beyond a reasonable doubt, and that such motion would have been fruitless. State v. Adams (Aug. 24, 2001), Hamilton App. Nos. C-000388, C-000389, and C-000390. Additionally, a defendant's not guilty plea "obviates the necessity of renewing the motion." Rogers, supra, at 163.
 {¶ 70} Our review of the record convinces us that the State's evidence showed that reasonable minds could have reached different conclusions as to whether the elements of rape had been proven beyond a reasonable doubt, and that a motion for acquittal would have been properly overruled.
 {¶ 71} Although we found in this opinion that the trial court erred in imposing a one-year firearm specification, the matter was tried before the bench, and a Crim.R. 29 motion may have been fruitless. The failure to make a motion for acquittal on this specification does not fall below an objective standard of reasonable representation.
 {¶ 72} Evans also claims his counsel deprived him of a jury trial. A defendant cannot claim that he was denied effective assistance of counsel if "the record clearly demonstrates that appellant knowingly and voluntarily waived his right to a trial by jury, he signed the form in open court, which was duly filed and an extensive colloquy was conducted with the court sufficient to demonstrate his understanding of his rights and the waiver of the right to a trial by jury." State v. Gray (Mar. 28, 2000), Franklin App. No. 99AP-666, citing State v. Driggins (Dec. 2, 1999), Cuyahoga App. No. 74940.
 {¶ 73} In the instant case, the trial court engaged in a dialogue with Evans regarding his desire to waive his right to a jury trial. In addition to this colloquy, Evans, his counsel, and the trial judge signed the jury waiver. Because Evans knowingly and voluntarily waived his right to a jury trial, he cannot now argue that the recommendation to do so constituted ineffective assistance of counsel. Gray, supra. Moreover, because Evans wished to testify on his own behalf and he had a criminal record for conduct similar to the instant offense, it was a tactical decision to have the case tried to the bench.
 {¶ 74} Evans also claims that his counsel was ineffective for waiving a prior conviction hearing. R.C. 2907.02(E) and2907.05(E) require a trial court, in a rape proceeding, to conduct an in camera hearing prior to taking testimony or receiving evidence of any collateral sexual activities of the defendant. However, a defendant may "* * * waive his statutorily granted right to such a hearing by failing to make a timely request for it." State v. Acre (1983), 6 Ohio St.3d 140, 144,451 N.E.2d 802, 805.
 {¶ 75} The record does not reflect that Evans' made a request for an R.C. 2907.02(E) hearing. However, Evans fails to demonstrate how this alleged deficiency denied him effective assistance of counsel such that a prior conviction hearing would have affected the outcome of the trial. Nevertheless, when Evans testified, evidence of his prior rape conviction was admissible pursuant to Evid.R. 404.
 {¶ 76} Evans also argues that failing to impeach the victim's prior inconsistent statements also constituted ineffective assistance of counsel. The scope of cross-examination clearly falls within trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel. State v. Campbell,90 Ohio St.3d 320, 339, 2000-Ohio-183, 738 N.E.2d 1178; State v.Otte, 74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711.
 {¶ 77} Evans claims that the victim's prior inconsistent statements made her testimony suspect and would have affected the outcome of the trial. The specific statements Evans directs us to consider include whether or not Evans had a gun, whether the victim was violated with one hand or two, whether someone else was in the apartment, whether she was kidnapped from a busy street and near a busy gas station, and whether Evans' vehicle was in the parking lot when the victim and Days came downstairs after her appointment.
 {¶ 78} A review of the transcripts from the preliminary hearing and the trial demonstrates that the victim did not give inconsistent testimony. Although the testimony was not identical at each proceeding, it was not inconsistent. Therefore, trial counsel was not ineffective for failing to impeach the victim's testimony because the testimony given at the preliminary hearing and at trial was substantially similar.
 {¶ 79} Evans also maintains his counsel was ineffective for failing to subpoena his sister, a potential exculpatory witness. The decision to call or forego calling witnesses is a tactical decision which is within reasonable trial strategy. Although Evans suggests that his sister could have been an exculpatory witness, he fails to reveal what testimony she would have offered. Merely asserting that the witness' testimony would have affected the outcome of the trial is insufficient to satisfy Evans' burden of proving that this trial counsel was ineffective.
 {¶ 80} Accordingly, the final assignment of error is overruled.
Judgment affirmed in part, reversed in part, and case remanded for resentencing and to vacate the firearm specification.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. concurs; Gallagher, J. concurs in part and dissentsin part (see separate opinion)
 CONCURRING AND DISSENTING OPINION