JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Derek Brito, appeals the sentencing by the trial court and claims that the trial court failed to make the requisite findings and reasons under the sentencing guidelines. Defendant also asserts that the trial court erred in finding him to be a sexual predator. For the following reasons, we reject his contentions and affirm.
{¶ 2} On July 12, 2001, the Cuyahoga County Grand Jury indicted defendant on three counts of rape, in violation of R.C. 2907.02, with one additional sexually violent predator specification, two counts of gross sexual imposition with sexually violent predator specifications, in violation of R.C. 2907.05, and one count of kidnapping, in violation of R.C. 2905.01.
{¶ 3} On September 4, 2001, defendant entered pleas of guilty to two counts of rape and one count of kidnapping. The remaining counts and specifications were dismissed.
{¶ 4} The sentencing and sexual predatory hearing took place on October 23, 2001. During the sentencing hearing, the victim's mother and grandmother testified. The victim's mother testified that her daughter was mentally handicapped and that the defendant destroyed her daughter's life. She told the court that her daughter still cries all the time and that she now touches herself inappropriately in public. She told the court that her daughter's innocence had been taken away by the defendant and that she is now afraid of all men. The victim's grandmother testified that all of her other granddaughters are now afraid when they walk down the street. She told the court that the defendant picked the victim because she was mentally handicapped and couldn't do for herself. She testified that she was afraid that the defendant would hurt someone else, or kill them, if he were not punished appropriately. Dr. Michael Aronoff of the Court Psychiatric Unit also testified regarding the sexual predator status of the defendant.
{¶ 5} The trial court then sentenced defendant to a five-year prison term on each of the three counts to which defendant pled guilty. The sentences were ordered to be served consecutively to each other. The total sentence was fifteen years. The trial court also determined that defendant was a sexual predator. Defendant now appeals asserting four assignments of error for our review. Assignment of Error I states:
 I. {¶ 6} THE TRIAL COURT ERRED BY FAILING TO MERGE THE SENTENCES FOR THE CRIMES OF RAPE AND KIDNAPING AS THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT.
{¶ 7} In his first assignment of error, defendant argues that the trial court erred by sentencing him for both rape and kidnapping, since they are allied offenses of similar import. We disagree.
{¶ 8} R.C. 2941.25, Ohio's allied offenses statute, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. State v. Moore (1996), 110 Ohio App.3d 649, 653. Specifically, R.C. 2941.25 states:
 {¶ 9} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 10} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
{¶ 11} In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), courts must assess whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. State v. Rance (1999), 85 Ohio St.3d 632, 638. If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639. The burden of establishing that two offenses are allied falls upon the defendant.State v. Douse (2001), Cuyahoga App. No. 79318.
{¶ 12} Courts have held that the offense of kidnapping may be said to be implicit within every forcible rape. State v. Mitchell (1983),6 Ohio St.3d 416, 418. However, we must review the defendant's conduct to determine whether the rape and kidnapping were committed separately, or with separate animus. Rance, 85 Ohio St.3d at 638. Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions for both kidnapping and rape. State v. Logan (1979),60 Ohio St.2d 126. However, if the restraint is prolonged, or the movement substantial, there exists a separate animus sufficient to support separate convictions. Id. There also exists a separate animus as to each offense when the "asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime." Id. at syllabus.
{¶ 13} Here, defendant's conduct demonstrates that the offenses of rape and kidnapping were committed separately, and with separate animus as to each. The acts constituting kidnapping include luring the fourteen year old, mentally challenged victim off the street and into the basement of his home with the promise of candy, restraining her in the basement and committing sexual assaults against her, and then telling the victim's mother that he did not know where the young girl was when she knocked on his door looking for her. These acts are independent of and more than merely incidental to the restraint involved in the rape. See State v. DePina (1984), 21 Ohio App.3d 91, 92-93; State v. Moore (1983),13 Ohio App.3d 226, 228.
{¶ 14} Because the offenses of rape and kidnapping were committed separately and with separate animus, defendant's convictions for both rape and kidnapping do not violate R.C. 2941.25.
{¶ 15} Defendant's first assignment of error is overruled.
 II. {¶ 16} THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE PRISON TERMS WHEN THE SENTENCE IS NOT SUPPORTED BY FINDINGS IN THE RECORD PURSUANT TO R.C. 2929.14(E)(4), AND R.C. 2929.19(B)(2)(c).
{¶ 17} In his second assignment of error, defendant argues that the trial court erred in imposing consecutive sentences without following the statutory mandates for imposing consecutive sentences set forth in R.C. 2929.14(E).
{¶ 18} Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 {¶ 19} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 20} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 21} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 22} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 23} Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols (March 2, 2000), Cuyahoga App. Nos. 75605, 75606; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citingState v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
{¶ 24} Here, at the sentencing hearing, the trial court stated the following:
 {¶ 25} We do have an injury, under the seriousness factor, that was exacerbated by the mental condition and the age of the victim.
 {¶ 26} We have heard from the Burke family and how [the victim] has suffered psychological and emotional harm as a result of this, and these are, obviously, factors that weigh very heavily on my mind in regard to sentencing.
 {¶ 27} "Relationship to victim facilitated the offense," and I could say that that's true because having been neighbors and having been familiar with each other, and if it weren't for the fact that there was a relationship there, she never would have been lured into the basement for these sexual acts and transported from her place on the street into the basement.
 {¶ 28} "Less seriousness," and there aren't really any factors that would in any way approach; and recidivism has been high. He has a history of criminal convictions and has not responded favorably to sanctions previously imposed.
 {¶ 29} We have heard some remorse today, and I will take that for what it is worth.
 {¶ 30} Under the recidivism-less likely, I don't see that that applies here because there is nothing that makes it less likely as far as recidivism, especially for sentencing purposes.
 {¶ 31} All right. As I stated before, not only are these mandatory offenses, but recidivism is very high, especially because of his past offenses.
{¶ 32} * * *
 {¶ 33} The Court finds that these sentences are necessary to protect the public. Obviously, to punish the offender, and they are not disproportionate to his conduct and to the danger he poses, and the harm is so great or unusual that a single term does not adequately reflect the seriousness of his conduct, and his criminal history shows that consecutive terms are needed to protect the public.
{¶ 34} The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(E)(4) when imposing consecutive sentences. The trial court stated it imposed these sentences because the victim suffered great psychological and emotional harm; the injury to the victim was exacerbated by the mental condition and the age of the victim; the defendant's relationship with the victim facilitated the offense; the defendant had a history of criminal convictions and he has not responded favorably to sanctions previously imposed. The trial court also specifically found that the defendant needed to be punished, that consecutive service was "not disproportionate to his conduct and to the danger he poses," and that "the harm is so great or unusual that a single term does not adequately reflect the seriousness of his conduct." Accordingly, the record supports the trial court's finding that consecutive sentences were necessary to protect the public from future criminal conduct by the defendant and that the sentences were not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public.
{¶ 35} Defendant's second assignment of error is overruled.
 III. {¶ 36} THE TRIAL COURT ERRED BY IMPOSING A PRISON SENTENCE IN EXCESS OF THAT ALLOWED FOR THE HIGHEST DEGREE OFFENSE IN VIOLATION OF R.C. 2929.19(B)(2)(E).
{¶ 37} In his third assignment of error, defendant argues that the trial court was required to make findings pursuant to R.C. 2929.19(B)(2)(e) because he was sentenced on multiple offenses which arose out of a single incident, and the aggregate sentence imposed for these offenses exceeds the maximum sentence for the offense of the highest degree. We disagree.
{¶ 38} R.C. 2929.19(B)(2)(e) requires the trial court to provide reasons when it imposes maximum sentences pursuant to R.C. 2929.14(A).State v. Tierney (May 23, 2002), Cuyahoga App. No. 78847; State v. Moore
(April 18, 2002), Cuyahoga App. No. 78751. Because the statute concerns maximum sentences, it does not apply where maximum sentences are not imposed. Here, defendant was sentenced on separate offenses. He was not sentenced to a maximum term on any one offense. Accordingly, R.C.2929.19(B)(2)(e) has no application here.
{¶ 39} Defendant's third assignment of error is overruled.
 IV. {¶ 40} THE TRIAL COURT ERRED AS A MATTER OF LAW, IN FINDING THAT THE APPELLANT IS A SEXUAL PREDATOR.
{¶ 41} In his fourth assignment of error, defendant argues that the trial court erred in finding him to be a sexual predator. We disagree.
{¶ 42} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
{¶ 43} (a) The offender's age;
 {¶ 44} (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 45} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 46} (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 47} (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 48} (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 49} (g) Any mental illness or mental disability of the offender;
 {¶ 50} (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 51} (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 52} (j) Any additional behavioral characteristics that contribute to the offender's conduct.
{¶ 53} While the trial court must consider all factors under R.C.2950.09(B)(2), the State is not required to demonstrate every factor before a defendant can be adjudicated a sexual predator. State v. Ivery
(Feb. 18, 1999) Cuyahoga App. No. 72911.
{¶ 54} The standard of proof in determining whether an offender is a sexual predator is the clear and convincing evidence standard. R.C.2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, 477. A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279.
{¶ 55} Here, defendant was convicted of three sexually oriented offenses.[1] The record also shows that the victim was fourteen years old at the time of the rape and mentally handicapped, that the defendant was a neighbor who saw her on a daily basis, and that he lured her into his basement with the promise of candy and vaginally and orally raped her.
{¶ 56} In making its sexual predator determination, the trial court considered the PSI report, a psychiatric report prepared by Dr. Aronoff, and defendant's BCI printout showing his past incarcerations. The record also verifies that the trial court considered the factors set forth in R.C. 2950.09(B)(2) in determining defendant's classification. Under R.C. 2950.09(B)(2)(a), the trial court cited the offender's age, noting that defendant was forty-two years old at the time of his conviction. Under factor (b), the trial court cited the defendant's extensive criminal history, noting, however, that none were for sexual offenses. The trial court found the victim's age relevant under factor (c) because the rape occurred when the victim was fourteen years of age; however, because she was developmentally challenged, her age for functioning was much lower than that. (Tr. 93). Under factor (h), the trial court noted that the rape occurred after the defendant lured the mentally challenged victim into his basement so that he could orally and vaginally rape her. Under factor (j), the trial court cited defendant's knowledge of the victim's disability.
{¶ 57} After having reviewed the record, we find that sufficient evidence was presented to show that defendant is a sexual predator. Even though defendant has been convicted of only one incident involving sexual assault, the age and mental condition of the victim, defendant's relationship with the victim, and defendant's negative response to sanctions previously imposed demonstrate that defendant is likely to engage in the future in one or more sexually oriented offenses.
{¶ 58} Defendant's fourth assignment of error is overruled.
Judgement affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Rape is considered a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1) and kidnapping of a minor is also considered a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1)(b)(i).