[Cite as *State v. Zanders*, 2013-Ohio-3619.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99146

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KELLY ZANDERS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560580

**BEFORE:** Boyle, P.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 22, 2013

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio   44119

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Kerry A. Sowul
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Kelly Zanders, appeals his sentence, raising four assignments of error:

I. The appellant was denied his right to counsel at the sentencing hearing in that counsel completely failed to advocate on his behalf and the appellant was denied counsel under *Cronic*, *Strickland*, and the Sixth and Fourteenth Amendments of the federal Constitution.

II. The imposition of the maximum sentence available was an abuse of discretion under Ohio law.

III. A de novo review requires the merger of all offenses in accordance with *State v. Williams*, 2012-Ohio-5699.

IV. The trial court's decision to impose consecutive sentences is not supported by the record.

{¶2} Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶3} In March 2012, Zanders was indicted on six counts after the state matched his DNA with evidence collected in connection with a reported rape that occurred in September 2009. According to Zanders, he engaged in consensual sex. He was indicted on two counts of kidnapping, violations of R.C. 2905.01(A)(2) and (4); three counts of rape, violations of R.C. 2907.02(A)(2); and one count of aggravated robbery, a violation of R.C. 2911.01(A)(3). All the counts carried specifications — the rape and kidnapping counts carried notice of prior conviction, a repeat violent offender specification, a sexual motivation specification, and a sexually violent predator specification.

{¶4} Zanders pleaded not guilty to the charges, and the matter proceeded to a bench trial. The trial judge ultimately found Zanders guilty on all six counts of the indictment and the repeat violent offender specifications, the sexual motivation specifications, and the notice of prior conviction. The state had dismissed all of the sexually violent predator specifications attached to the counts.

{¶5} Prior to sentencing, the trial court ordered a presentence investigation ("PSI") and a psychological evaluation by the court psychiatric clinic, including a mitigation of penalty report, for sentencing purposes.

{¶6} At the sentencing hearing, the trial judge merged Count 5 (kidnapping) with Count 6 (aggravated robbery); it further merged all of the rape counts into a single count. The state elected to proceed on the aggravated robbery and the rape counts contained in Count 3. The trial court then sentenced Zanders to ten years in prison on each of these counts and ten years in prison on the kidnapping count contained in Count 1. The court further imposed ten years in prison on the repeat violent offender specification attached to the rape count, ordering all counts to be served consecutive, for a total prison term of 40 years. This appeal now follows.

### Ineffective Assistance of Counsel

{¶7} In his first assignment of error, Zanders argues that his trial counsel completely failed to advocate on his behalf at the sentencing hearing. According to Zanders, the PSI and the mitigation report revealed a myriad of grounds for a more lenient sentence, which included a "life filled with violence, severe substance abuse from

age 11," and a history of psychiatric treatment, especially during the time of the underlying offenses. Zanders contends that his trial counsel's failure to highlight these issues in favor of a more lenient sentence denied him of his constitutional right to effective assistance of counsel. We disagree.

{¶8} To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and that strategy and tactical decisions exercised by defense counsel are well within the range of professionally reasonable judgment. *Strickland* at 699.

{¶9} While we acknowledge that Zanders's counsel did not emphasize the contents of the PSI or the mitigation report, it is clear that the trial judge reviewed these materials prior to sentencing Zanders. Indeed, the trial judge specifically requested the mitigation report from the court's psychiatric division to assist in sentencing Zanders. Thus, even assuming that the failure to specifically advocate the hardships evident in the PSI and mitigation report constitutes deficient performance, we find no prejudice to Zanders. Further, the record reveals that Zanders's trial counsel advocated for

concurrent sentences in this case, emphasizing that the offenses all occurred on a single day. We cannot say that the outcome of the sentencing hearing would have been different had Zanders's trial counsel emphasized the hardships in Zanders's upbringing as well as his battle with alcohol and substance abuse.

**{¶10}** The first assignment of error is overruled.

<u>Maximum and Consecutive Sentences</u>

**{¶11}** In his second and fourth assignments of error, Zanders challenges the trial court's imposition of maximum, consecutive sentences.

*Standard of Review*

**{¶12}** An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of a defendant's sentence is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (a) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant"; or (b) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence *

* * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

*Maximum Sentence*

**{¶13}** Zanders first argues that the trial court's imposition of a maximum sentence is not supported by the record given the "substantial" grounds for a lesser sentence based on the mitigating factors outlined in the mitigation report and PSI. Because the trial court imposed a maximum sentence in this case, Zanders broadly argues that "the race of the victim [(white)] and [himself (black)] played a role in the trial court's decision."

**{¶14}** Initially, we note that there is absolutely no evidence in the record to support Zanders's blanket assertion that his sentence was improperly imposed based on his race. Nor does Zanders point to any evidence in the record to support his claim. Absent any evidence, we refuse to entertain such an inflammatory and speculative argument.

**{¶15}** While we acknowledge that 40 years is a harsh sentence, the trial court's findings related to maximum, consecutive sentences are supported by the record. Indeed, prior to imposing the maximum sentence, the trial court detailed Zanders's extensive criminal history as outlined in the PSI, emphasizing Zanders's pattern of repeatedly committing offenses upon being released from prison or placed on probation. With respect to the underlying crimes in this case, the trial court found that there were no mitigating factors to warrant a lower sentence. Specifically, the trial court stated the following:

> And in looking at the factors with regard to seriousness, this Court does find that it was clear that this victim suffered serious physical, and at

the time psychological, as well as ongoing psychological harm, and the Court finds that it is serious in nature as to both of those.

The Court finds that as far as a less serious count, that none of those counts apply in this matter.

In looking at recidivism, the Court finds that this defendant obviously, just detailed everything, has a history of criminal convictions and juvenile adjudication delinquencies. He did not respond favorably to sanction.

The defendant was not only sent to ODYS in his past, but was given judicial release by two separate courts and responded to that judicial release by committing new offenses while being released from prison on judicial release.

The defendant through his demonstration in this matter shows no remorse for his actions here. The Court finds not a single one of those factors applies to the defendant in this case, the less likely factors.

In this matter the Court finds that the defendant, through his actions, committed a physical assault upon this victim for the purpose of subduing her, and took her to a place exactly behind a building where he knew that he could be concealed. A little cubbyhole in the back of a building, based on the evidence that was here.

So the defendant, in this Court's mind, was hunting a victim, found the victim, incapacitated her, dragged her behind a building where he committed the sexual assault, terrorized the victim in this matter with threats. This was a stranger, based on the evidence that I see.

There was no provocation whatsoever that this victim did to cause this defendant to engage in the acts that he did; and therefore, clearly there is no mitigation involved in the sentencing here. And I already stated, it's this Court's position based on the nature of the testimony, that this defendant has no remorse at all in this matter.

{¶16} Zanders contends, however, that the trial court did not give enough consideration to the mitigating factors in his childhood to warrant the imposition of maximum, consecutive sentences. We disagree. Here, it is clear that the trial court

considered all factors prior to sentencing Zanders. To the extent that Zanders believes that his unfortunate and difficult childhood mandated a lower sentence, there is no support for this assertion under the law. Notably, at the time of sentencing, Zanders was 42 years old. In sentencing Zanders to the maximum, it is clear that the trial judge believed that Zanders's repeated unsuccessful response to the penal system coupled with the severity of the crime in this case warranted a maximum sentence. As stated by the trial judge:

> The Court already outlined that the more serious factors outweigh the less serious factors, and the Court already outlined for the record, based on the facts in this case, the Court believes this defendant was out that night looking for a victim, and discarded the victim like a piece of trash and went on his way. Clearly, no remorse whatsoever, not only through his testimony in court, or on the night of the behavior in question. * * * He humiliated this victim and continues to haunt her mentally to this day.

{¶17} Because we find that the sentence is supported by the record, the second assignment of error is overruled.

*Consecutive Sentences*

{¶18} In his fourth assignment of error, Zanders argues that the trial court's decision to impose consecutive sentences is not supported by the record. We disagree.

{¶19} R.C. 2929.14(C)(4) provides that a court may issue consecutive prison terms if the court finds (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender," (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public," and (3) one of three enumerated factors applies to the offender. R.C. 2929.14(C)(4)(a)-(c).

{¶20} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. Hamilton No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). But it must be clear from the record that the trial court actually made the findings required by statute. *See State v. Pierson*, 1st Dist. Hamilton No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶21} The record reveals that the trial court explicitly made the three required findings to impose consecutive sentences. Specifically, the trial court stated the following:

> With regard to count 1, count 6, and count 3, the Court does find that a consecutive sentence in this matter is necessary to protect the public from future crime, as well as punish the offender. And the consecutive sentences in this case are not disproportionate to the seriousness of the defendant's conduct and to the danger this defendant poses to the public, given the violent and random nature of this act.
>
> The Court finds the defendant's history of criminal conduct outlined
>
> on the record demonstrates consecutive sentences are necessary to protect

the public from future crime from the offender; and therefore, it's the finding of the Court that all three sentences in this matter as imposed shall run consecutive to one another.

**{¶22}** Despite the trial court complying with R.C. 2929.14(C)(4), Zanders urges this court to vacate the consecutive sentences because the record does not support the trial court's findings. As outlined above, however, this court clearly and convincingly finds support in the record for the consecutive sentences. The trial judge believed that Zanders's history of criminal offenses, including a prior conviction for aggravated burglary, the severity of the crime in this case, along with Zanders's complete lack of remorse, compelled consecutive sentences. We cannot second-guess the trial judge when he has complied with R.C. 2929.14(C)(4), and the record contains support for such findings.

**{¶23}** The fourth assignment of error is overruled.

### Allied Offenses

**{¶24}** In his third assignment of error, Zanders argues that the trial court erred in failing to merge all the offenses as allied offenses. He contends that all three offenses were "in essence one criminal act." We disagree.

**{¶25}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the proper analysis for determining whether offenses qualify as allied offenses subject to merger pursuant to R.C. 2941.25:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one

offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." [*State v.*] *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Emphasis sic.) *Id.* at ¶ 48-51.

{¶26} Our review of an allied offenses question is de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

*Rape and Kidnapping*

{¶27} It is possible to commit rape and kidnapping with the same conduct. *State v. Nguyen*, 4th Dist. Athens No. 12CA14, 2013-Ohio-3170, ¶ 104. These offenses, therefore, are of similar import and may be subject to merger if committed with a single animus. But here, the trial court found that a separate animus existed for each one. We agree.

{¶28} In *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), syllabus, the Ohio Supreme Court set forth the following test to determine what constitutes a separate animus for kidnapping and a related offense. Specifically, the court stated:

> In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:

> (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

> (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

{¶29} The record reveals that Zanders dragged the victim by the back of her hair from a pay phone across the street and then through an open field to a secluded "cubbyhole" in the rear yard behind a building. This restraint and movement was not incidental to the rape. Instead, the restraint and force used to drag the victim to a secluded location was separate and distinct from the force exercised during acts of the rape. Indeed, the removal of the victim from the public pay phone to a secluded area behind a building subjected the victim to a substantial increase in risk of harm separate and apart from that involved in the rape.

{¶30} Notably, after Zanders removed the victim from a public location to a more secluded area, he punched her in the face and the back of her neck, removed her pants,

forced her to suck his testicles, and then forced his penis inside her vagina. Zanders then further forced the victim to suck his penis, punched and kicked her again, pushed her to the ground, and ordered her to count to a million. Prior to Zanders fleeing the scene, he grabbed the victim's pants and took her money out of her pocket. The victim had multiple injuries (contusions, bleeding, and abrasions) to her face and abrasions to her knees — all of which were visible to the paramedic arriving on the scene. The victim further had bruising on both of her hands, consistent with her testimony that she tried to break loose from Zanders.

{¶31} Applying the standard set forth in *Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345, the trial court properly concluded that Zanders had a separate animus for the kidnapping and rape.

*Rape and Aggravated Robbery*

{¶32} Next, Zanders contends that the trial court should have merged the rape and aggravated robbery counts. Zanders was convicted of rape under R.C. 2907.02(A)(2), which provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Aggravated robbery, a violation of R.C. 2911.01(A)(3), is defined as:

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> * * *
>
> (3) Inflict, or attempt to inflict, serious physical harm on another.

**{¶33}** Zanders fails to offer any explanation as to how these two offenses could be committed by the same conduct. Nor does he offer any authority in support of his broad claim that all the offenses should merge. The aggravated robbery offense involves a necessary element of a theft. Conversely, the rape offense requires a showing of sexual conduct. These offenses are not of similar import, and therefore not subject to merger.

*Kidnapping and Aggravated Robbery*

**{¶34}** Lastly, Zanders contends that the trial court should have merged the kidnapping and aggravated robbery counts. We note, however, that Zanders was convicted of two counts of kidnapping — violations of R.C. 2905.01(A)(2) and (4). These two counts differ as to the purpose of the removal or restraint of the victim. R.C. 2905.01(A)(2) prohibits the removal or restraint of a person for the purpose "[t]o facilitate the commission of any felony or flight thereafter." Conversely, R.C. 2905.01(A)(4) prohibits the removal or restraint of a person for the purpose "[t]o engage in sexual activity * * * with the victim against the victim's will." With respect to the kidnapping count charged in Count 5, R.C. 2905.01(A)(2), the trial court properly merged this count into the aggravated robbery count, recognizing that the two offenses are of similar import and that Zanders acted with the same animus.

**{¶35}** The other kidnapping count, however, R.C. 2905.01(A)(4), as contained in Count 1, does not merge with the aggravated robbery count for the same reasons discussed above — Zanders committed this offense with a separate animus from the other offenses. Here, the kidnapping count specifically involved dragging the victim to a

secluded area for the purpose of engaging in sexual activity — not for the purpose of committing the aggravated robbery. Indeed, there is a break in the chain of events between this kidnapping count and the aggravated robbery. The record reveals that the aggravated robbery did not occur until after Zanders had removed the victim from the public pay phone and after the rape had occurred. Prior to fleeing the scene, he took approximately $200 from the victim's pockets and her clothes. Because there is a distinct break in the chain of events and a different animus with these two offenses, the trial court properly sentenced Zanders on each offense.

**{¶36}** The third assignment of error is overruled.

**{¶37}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR