[Cite as *State v. Terry*, 2015-Ohio-3847.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                         :

          Plaintiff-Appellee,                   :              No. 15AP-176
                                           (C.P.C. No. 13CR-5678)
v.                                                    :              No. 15AP-178
                                           (C.P.C. No. 13CR-6528)
Donald R. Terry, Jr.,                                 :

          Defendant-Appellant.                  :              (ACCELERATED CALENDAR)

---

D E C I S I O N

Rendered on September 22, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Barnhart Law Office LLC*, and *Robert B. Barnhart*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Donald R. Terry, Jr., appeals from a judgment of the Franklin County Court of Common Pleas convicting him of rape and kidnapping. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 12, 2013, appellant joined his co-defendant as he walked the victim home from a get together at the co-defendant's home. When the victim was around the corner from her residence, appellant grabbed her and forcibly removed her from that location to a dark, open garage. Appellant and his co-defendant held the victim against a car while appellant vaginally and anally raped her.

{¶ 3}   On October 25, 2013, a Franklin County Grand Jury indicted appellant on two counts of rape, a first-degree felony, in violation of R.C. 2907.02.  On December 13, 2013, the grand jury indicted appellant on one count of kidnapping, a felony in the first degree, in violation of R.C. 2907.01, with a sexual motivation specification under R.C. 2941.147.  All the charges arise out of the September 12, 2013 incident.

{¶ 4}   On February 23, 2015, appellant pleaded guilty to kidnapping and one count of rape.[1]  The trial court conducted a sentencing hearing on March 5, 2015.  At the hearing, appellant moved the court to merge the two counts for purposes of sentencing.  Plaintiff-appellee, State of Ohio, opposed the motion.  The trial court refused to merge the counts and sentenced appellant to consecutive prison terms of ten years for rape and three years for kidnapping.  On March 9, 2015, the trial court issued a final judgment.

{¶ 5}   Appellant filed a timely notice of appeal to this court on March 10, 2015.

## II.  ASSIGNMENT OF ERROR

{¶ 6}   Appellant asserts a single assignment of error:

> The trial court erred when it consecutively sentenced Appellant on charges of Kidnapping and Rape after his guilty plea.

## III.  STANDARD OF REVIEW

{¶ 7}   "In reviewing a trial court's determination of whether a defendant's offenses should merge pursuant to the multiple counts statute, the Supreme Court of Ohio has determined a reviewing court should review the trial court's R.C. 2941.25 determination de novo."  *State v. S.S.*, 10th Dist. No. 13AP-1060, 2014-Ohio-5352, ¶ 28, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1.  " 'Appellate courts apply the law to the facts of individual cases to make a legal determination as to whether R.C. 2941.25 allows multiple convictions.  That facts are involved in the analysis does not make the issue a question of fact deserving of deference to a trial court.' "  *Id.*, quoting *Williams* at ¶ 25.

---

[1] A jury found appellant's co-defendant guilty of kidnapping and complicity to commit rape.

## IV.  LEGAL ANALYSIS

{¶ 8}  Appellant's assignment of error arguably challenges both the trial court's decision to sentence appellant to consecutive terms of imprisonment and the trial court's refusal to merge the counts of rape and kidnapping.  However, the only argument raised in appellant's brief is that the trial court violated R.C. 2941.25 when it refused to merge the counts of rape and kidnapping and convicted him of both offenses.  Appellant makes no argument in his brief that his sentence violates R.C. 2929.14(C)(4).  Accordingly, we will address appellant's assignment of error under R.C. 2941.25, Ohio's multiple counts statute.

{¶ 9}  R.C. 2941.25 reads as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} The merger analysis adopted by the Supreme Court of Ohio in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, requires a court to ask whether "multiple offenses can be committed by the same conduct" and "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50.  If the answer to both questions is yes, the court must merge the allied offenses prior to sentencing.  *Id.*  "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." (Emphasis sic.)  *Id.* at ¶ 51.  "These three bars to merger are disjunctive."  *State v. Rivera*, 10th Dist. No. 10AP-945, 2012-Ohio-1915, ¶ 54, citing *State v. Bickerstaff*, 10 Ohio St.3d 62 (1984).  It is "[t]he defendant [who] has the burden of proving at the sentencing hearing that he is entitled to merger

pursuant to R.C. 2941.25." *State v. Vargas*, 10th Dist. No. 12AP-692, 2014-Ohio-843, ¶ 17, citing *State v. Cochran*, 10th Dist. No. 11AP-408, 2012-Ohio-5899, ¶ 60, citing *State v. Mughni*, 33 Ohio St.3d 65, 67 (1987).

{¶ 11} The offense of kidnapping is defined in R.C. 2905.01, in relevant part, as follows:

> (A) No person, by force, threat, or deception, * * * by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
>
> * * *
>
> (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will.

{¶ 12} A perpetrator necessarily restrains the victim's liberty in order to forcibly engage in sexual activity with the victim against the victim's will. *State v. Logan*, 60 Ohio St.2d 126, 130 (1979) ("implicit within every forcible rape is a kidnapping"). In determining whether kidnapping and rape were committed with a separate animus, the Supreme Court in *Logan* adopted the following guidelines:

> (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
>
> (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Id.* at syllabus.

{¶ 13} In *State v. Moore*, 13 Ohio App.3d 226 (10th Dist.1983), this court affirmed a trial court's decision to convict the defendant of both kidnapping and rape under similar facts to those presented herein. In *Moore*, the offender forcibly removed the victim, at

knifepoint, from the bus stop and forced her to walk approximately one block to a shed. The asportation of the victim lasted less than five minutes. The offender then forced her to enter the shed and raped her. The trial court refused to merge the counts of kidnapping and rape and convicted appellant of both. On appeal, the issue for this court was whether the two offenses were committed with a separate animus as to each. The relevant question under *Logan* was "whether 'the movement [of the victim] is substantial so as to demonstrate a significant independence of the other offense.' " *Moore* at 228, quoting *Logan* at paragraph two of the syllabus. Applying the *Logan* guidelines to the facts of the case, this court found that there was sufficient asportation of the victim to constitute conduct separate from the actual commission of the rape itself. *Id.*

{¶ 14} Here, the asportation of the victim was similar to that of the victim in *Moore.* At appellant's plea hearing, the prosecutor set forth the factual background of the case as follows:

> [W]hen the victim was around the corner from her residence, the defendant grabbed ahold of her. As she indicated in her testimony, he forcefully took her to an area of an apartment with steps.
>
> However, he changed his mind and drug her into a dark, open garage where he did hold her down against a car. He forced vaginal intercourse as well as anal intercourse on her against her will.

(Feb. 23, 2015 Tr. 19-20.)

{¶ 15} At the sentencing hearing, the trial court set forth the factual basis for refusing to merge the two counts:

> The Court makes the finding here that there was not a single act. There wasn't a single act committed with a single state of mind. The facts read into the record indicate that she was dragged for some period of time. It wasn't seconds.
>
> * * *
>
> [B]ut the bottom line is that it took -- it wasn't seconds where somebody was snatched into a garage and held against their will. This happened over a period of minutes from a location - - one location to another location.

> So the restraint of movement of the victim was not merely incidental to the kidnapping. The restraint was prolonged. Confinement was secretive into a dark garage. The movement was substantial from one location to another.
>
> [T]here was a substantial increase in the risk of harm to her by forcibly removing her into the garage.  It was separate and apart from the force used in the heinous crime of rape.
>
> * * * So I find there was a separate animus, separate conduct. The restraint was prolonged.  And applying that criteria to this case, I find that they do not merge.  They're separate crimes.

(Feb. 23, 2015 Tr. 31-33.)

{¶ 16} The record supports a finding that appellant dragged the victim for a period of minutes from an area "around the corner from her residence" to an "apartment with steps."  The trial court noted that appellant "couldn't get her through the doorway, and she was kicking and put up a struggle."  (Feb. 23, 2015 Tr. 19; Mar. 5, 2015 Tr. 25.) Appellant "changed his mind" and then "drug her down the steps and into the garage." (Feb. 23, 2015 Tr. 20; Mar. 5, 2015 Tr. 25.)  The rape subsequently took place inside the garage.  Thus, the record shows that the movement of the victim prior to the rape, although not long in duration, was sufficient to constitute conduct separate from the actual commission of the rape itself.  The asportation of the victim from the place where she was found to the place where the rape occurred was not merely incidental to the rape. Applying the *Logan* guidelines to the facts of this case, we find that the rape and kidnapping involved separate conduct and a separate animus as to each offense.  *Moore. See also State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, ¶ 118 (the evidence supports multiple convictions for rape and kidnapping where defendant abducted the victim as she was walking home and then took her to the empty apartment at some other location where he raped and killed her); *State v. Zanders*, 8th Dist. No. 99146, 2013-Ohio-3619, ¶ 29 (where the record showed that the defendant "dragged the victim by the back of her hair from a pay phone across the street and then through an open field to a secluded 'cubbyhole' in the rear yard behind a building.  [The] restraint and movement was not incidental to the rape").

{¶ 17} The evidence further shows that the victim was "kicking and put up a struggle" as appellant forcibly dragged her from one location to another. (Mar. 5, 2015 Tr. 25.) The trial court also noted that the victim successfully resisted appellant's efforts to force her through a doorway. This conduct subjected the victim to a substantial increase in the risk of harm separate and apart from that involved in the rape itself, and it is sufficient to support convictions for both rape and kidnapping. *See, e.g.*, *State v. Houser*, 8th Dist. No. 69639 (May 30, 1996) (defendant's conduct in forcibly abducting victim and transporting her from a public telephone, across Madison Avenue, and up a flight of stairs into defendant-appellant's apartment is violent conduct "separate and distinct from the violent actions associated with the actual rapes"); *State v. Lawrence*, 1st Dist. No. C-840964 (Oct. 9, 1985) ("the removal (asportation) of the victim by manhandling her in a violent, overpowering way obviously subjected the victim to a substantial increase in risk of harm, separate and apart from the risk created by the rape [and] falls within part (b) of the *Logan* guidelines").

{¶ 18} Appellant relies on the decision of this court in *State v. Hogan*, 10th Dist. No. 09AP-1182, 2010-Ohio-3385, in support of his merger argument. In *Hogan*, as the victim was walking home a man approached her from behind, "threatened her with a weapon and told her 'don't look at my face or I [will] kill you.' " *Id.* at ¶ 17. The man then grabbed the victim and "forced [her] into a wooded area" where he sexually assaulted her. *Id.* at ¶ 2. The trial court refused to merge the convictions for purposes of sentencing. This court reversed the judgment of the trial court stating that R.C. 2941.25 "barred [the defendant's] being convicted of both the sexual assaults and the kidnapping" because the incident "was not of long duration. All of the restraint and removal of [the victim] was done to expedite the sexual assault," and the trial testimony indicated "no other animus." *Id.* at ¶ 49.

{¶ 19} In this case, the asportation of the victim was more substantial than it was in *Hogan* and closer to the fact pattern in *Moore*. Here, as in the *Moore* case, the victim was forcibly removed from the area where she was found to another area and then forced to enter an unoccupied structure where the rape occurred. In *Hogan*, the victim was simply "forced into a wooded area" where the rape occurred. *Id.* at ¶ 2. *See Logan* at 135 ("Secret confinement, such as in an abandoned building or nontrafficked area, without the

showing of any substantial asportation, may, in a given instance, also signify a separate animus and support a conviction for kidnapping apart from the commission of an underlying offense."). Moreover, as this court noted in *Rivera*, "*Hogan* does not stand for the proposition that all kidnapping and rape offenses must be merged under all circumstances, since merger is not required where the offenses were committed separately or where there is a separate animus." *Id.* at ¶ 55. On this record, we find that appellant did not meet his burden of proving that he is entitled to merger pursuant to R.C. 2941.25.

{¶ 20} Appellant notes in his brief that the trial court refused to merge the counts of rape and kidnapping in his case but merged the counts of rape and kidnapping in his co-defendant's case. The trial court expressly rejected appellant's argument at appellant's sentencing hearing, stating:

> [Court:] I merged his kidnapping case with his rape case, so that your lawyer and you understand, because he didn't drag her into the garage. *He used no force on her whatsoever to get her into the garage.*
>
> The testimony was that she felt too many hands on her back and restraining her arms and that, therefore, he participated in holding her arms. The jury found him guilty of kidnapping and complicity in the rape, aiding you.
>
> The aiding was by holding her arms and letting you help rape her. * * * The fact that he restrained her arms and hands was incidental to the complicity to the rape. So its completely different facts in that case versus your case. That's why I don't believe your counts merge.

(Emphasis added.) (Feb. 23, 2015 Tr. 33-34.)

{¶ 21} The trial court's explanation of its contrasting rulings is consistent with the logic underlying our decision in *Moore.* In *Moore*, this court explained its refusal to merge Moore's kidnapping and rape convictions, in part, as follows:

> [K]idnapping under R.C. 2905.01(A)(4) consists of one of two acts: (1) removing the person from the place where he is found for the purpose of sexual activity against his will; or (2) restraining the person of his liberty for the purpose of engaging in sexual activity against his will. The offense of removing the victim from the place where she was found, the

> bus stop, to the place where the rape was to take place for the purpose of committing the rape was completed when the victim was forced to enter the shed. While kidnapping still took place in the sense of restraining the victim of her liberty for the purpose of committing the rape, the initial kidnapping was already completed.

*Id.* at 228.

{¶ 22} The record reveals that appellant committed kidnapping when he forcibly removed the victim from the area around the corner from her residence and into the dark garage for the purpose of engaging in sexual activity with the victim against her will. R.C. 2905.01(A)(4). Though appellant continued to commit the offense of kidnapping when he and his co-defendant restrained the liberty of the victim as appellant engaged in sexual activity against her will, the initial kidnapping had already been completed by appellant. Applying the logic of *Moore* to the facts of this case, we find that appellant completed the offense of kidnapping prior to the commission of the rape, and we further find that such conduct was not "merely incidental" to the subsequent rape of the victim. *Logan* at paragraph two of the syllabus. As stated above, the asportation of the victim prior to the rape was sufficient to constitute conduct separate from the actual commission of the rape itself, and it substantially increased the risk of harm to the victim, separate and apart from the risk created by the rape. Because the evidence supports the conclusion that the rape and the kidnapping involved separate conduct and a separate animus as to each offense, appellant's conviction of both offenses does not offend R.C. 2941.25.

{¶ 23} For the foregoing reasons, we hold that the trial court did not err when it convicted appellant of both rape and kidnapping. Accordingly, appellant's assignment of error is overruled.

## V. CONCLUSION

{¶ 24} Having overruled appellant's sole assignment of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

———————————